DRESSER and Another *v.* WOOD.

The clerk's certificate to the official character of a Justice of the Peace, should show that he was, at the time when the proceedings

were had, or judgment was rendered, a Justice of the Peace, duly commissioned and qualified to act as such.

APPEAL from the *Allen* Circuit Court.

DAVISON, J.— *Wood*, who was the plaintiff, sued *John* and *Almira Dresser*, alleging, in his complaint, that, on the 4th of May, 1859, by the consideration of *B. B. Jackson*, a Justice of the Peace, duly commissioned and qualified, in and for the township of *Crane*, county of *Paulding*, and State of *Ohio*, he obtained judgment against the defendants for one hundred and fifty-three dollars and twenty-five cents, together with costs, taxed at one dollar and eighty cents, a transcript of which judgment, duly authenticated, is filed herewith, and plaintiff avers that said judgment remains unpaid, wherefore, etc. The transcript filed with the complaint reads thus:

" *Smith Wood* v. *Joel Dresser* and *Almira Dresser*, demand one hundred and fifty-three dollars and twenty-five cents, Suit No. 60, Civil Action, April 28, 1859. Plaintiff filed a promissory note for collection, which is in these words:

"ANTWERP, *December* 25, 1858.

" One day after date we, or either of us, promise to pay to *Smith Wood*, or bearer, one hundred and fifty dollars, without any relief from appraisement laws.

·" JOEL DRESSER,

" ALMIRA DRESSER.

" *April* 28, 1859.—Issued summons of that date for the appearance of defendants on the 4th of May, 1859, at three o'clock, P. M., and delivered to *Stephen Schooly*, constable; summons returned by constable, indorsed.—Received this writ, April 24, 1859, and served the same on the within-named defendants, May the 4th, 1859. The defendants failed to appear at the time specified in the summons, and for one hour thereafter. It is, therefore, considered by me that the plaintiff, *Smith Wood*, recover of the defendants,

*Joel Dresser* and *Almira Dresser*, one hundred and fifty-three dollars and twenty-five cents, with costs, etc.

"B. B. JACKSON, J. P.

" The State of Ohio, *Paulding* county, *Crane* township: I do hereby certify that the within and foregoing is a full and true copy from my docket of the proceedings had by and before me, at my office, in said township, in the within-named action. May the 11th, 1859.

" B. B. JACKSON, J. P., of the aforesaid township.

" State of Ohio, *Paulding* county, ss.: I, *Robert Purcell*, Clerk of the Court of Common Pleas within and for said county, certify that *B. B. Jackson*, Esq., whose genuine signature is affixed to the foregoing transcript, *was, at the time of signing the same,* a Justice of the Peace, duly authorized to act as such Justice, and that full faith and credit are due to all his official acts as such. Given under my hand and the seal of said Court, at *Paulding*, this 6th of June, 1859.

" ROBERT PURCELL, *Clerk.*"

The issues were submitted to a jury, who found for the plaintiff. Motion for a new trial denied, and judgment, etc.

The evidence is upon the record. It consisted, alone, of the transcript, with its authentications, as set forth in the complaint, and was admitted, over the objection of the defendants.

Against the validity of this evidence, it is contended that the certificate of the Clerk of the *Paulding* Common Pleas is defective, because it fails to allege that " *B. B. Jackson* was, when the proceedings were had or judgment rendered, duly commissioned and qualified to act as Justice of the Peace." This position is well taken. See 2 R. S., p. 90, sec. 247. The certificate is not within the substantial requirements of the statute; and the transcript, for that reason, was not admissible as evidence.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings.

*Crane* and *Smith,* for the appellants.